IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| R&S GROCERY AND MARKET, LLC<br>*Plaintiff*,<br><br>V.<br><br>ATAIN SPECIALTY INSURANCE CO.<br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br>Civil Action No. 6:17-cv-00058 |

**DEFENDANT'S UNOPPOSED MOTION TO REMAND**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant, ATAIN SPECIALTY INSURANCE COMPANY ("Defendant" or "Atain"), and files this unopposed Motion to Remand, because Plaintiff, R&S GROCERY AND MARKET, LLC ("Plaintiff") and Defendant Atain have agreed to jurisdiction in the District Court of Victoria County Texas based on a "service of suit endorsement" contained in the Insurance Policy, and therefore, this case must be remanded.

1. Plaintiff filed suit in the 267th Judicial District of Victoria County, Texas to recover damages and benefits from its insurer concerning a policy of insurance covering Plaintiff's business at 202 S. Wood, Telferner, Texas 77988 in Victoria County, Texas. The policy insured the property and its contents against loss by certain events, and was in effect at the time of loss. On or about January 8, 2016, Plaintiff alleges it sustained covered losses as a consequence of a gasoline storage tank rupture, and Plaintiff promptly reported same to Atain pursuant to the terms of the insurance policy. The policy contained a Service of Suit Endorsement which contained a statement that the Company:

> "… will submit to the jurisdiction of any court of competent jurisdiction within the United States of America or Canada and will comply with all requirements necessary to give such Court Jurisdiction and all matters hereunder shall be

determined in accordance with the law and the practice of such Court."

See a true and correct copy of the Service of Suit Endorsement for the underlying Policy attached hereto as Exhibit "A."

2. Upon removal of this action to Federal Court, counsel for Plaintiff reminded Defendant of its reference to the endorsement in the State Court Petition and requested the case be remanded back to State Court in accordance with the provision.

3. The 5th Circuit has held that in insurance contracts such as the one here, the above clause is tantamount to waiver of federal jurisdiction. *See Rose City* v. *Nutmeg Ins. Co*., 931 F.2d 13 (5th Cir. 1991).

4. Because Defendant has effectively waived its ability to remove this case to federal court, federal jurisdiction is lacking and this court must remand the case to the state court from where it was removed.

**CONCLUSION AND PRAYER**

Accordingly, this case should be remanded back to the 267th Judicial District Court of Victoria County where it was filed.

Respectfully submitted,

**CASTAGNA SCOTT L.L.P.**
1120 S. Capital of Texas Highway
Building 2, Suite 270
Austin, Texas 78746
512/329-3290
888/255-0132 fax

By: *_/s/ Stephen P. Bega_*
Lynn S. Castagna
State Bar No. 03980520
Federal ID No. 21871
Lynn@texasdefense.com
Stephen P. Bega
State Bar No. 24012269
Federal ID No. 26090
Stephen@texasdefense.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been sent by electronic service via Texas Online, certified mail, return receipt requested, or facsimile to:

***Via E-file and Facsimile: 361/573-5040***
John W. Griffin, Jr.
Michael J. Neuerburg
MAREK, GRIFFIN & KNAUPP
203 N. Liberty Street
Victoria, Texas 77901

in accordance with the Texas Rules of Civil Procedure, on the 9th day of October, 2017.

*_/s/ Stephen P. Bega_*
Stephen P. Bega